USCA1 Opinion

 

 April 19, 1994 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 93-2219 ERIC APONTE, ET AL., Plaintiffs, Appellants, v. PUERTO RICO MARINE MANAGEMENT, INC., Defendant, Appellee. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jaime Pieras, Jr., U.S. District Judge] ___________________ _________________________ Before Breyer, Chief Judge, ___________ Torruella and Selya, Circuit Judges. ______________ _________________________ Harry Anduze Montano for appellants. ____________________ Rafael Cuevas Kuinlam with whom Antonio Cuevas Delgado and ______________________ _______________________ Cuevas, Kuinlam & Bermudez were on brief, for appellee. __________________________ __________________________ __________________________ Per Curiam. This case appears before us for a second Per Curiam. __________ time. In the earlier proceeding, we vacated the district court's order dismissing plaintiffs' libel claim. See Aponte v. Puerto ___ ______ ______ Rico Marine Mgmt., Inc., No. 92-2056 (1st Cir. Mar. 16, 1993) ________________________ (unpublished). On remand, defendant moved for summary judgment on the libel claim. The district court, in a thoughtful opinion, found that the uncontradicted evidence showed that the publication of the allegedly defamatory comments was quite limited and fell comfortably within the scope of the qualified privilege recognized by the Puerto Rico Supreme Court in Porto v. _____ Bentley Puerto Rico, Inc., No. RE-89-123 (P.R. Dec. 23, 1992). __________________________ See Aponte v. Puerto Rico Marine Mgmt., Inc., No. 91-2222(JP), ___ ______ _______________________________ (D.P.R. Aug. 27, 1993). Plaintiffs appeal. We affirm. As we have indicated before, when a district court produces a well-reasoned opinion that reaches the correct result, a reviewing tribunal should not rush to write at length merely to put matters in its own words. See, e.g., In re San Juan Dupont ___ ____ ______________________ Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir. 1993). So it _______________________ is here. We agree with the court below that, in this case, the summary judgment record contains no evidence that defendant's publication of the alleged libel fell outside the scope of the qualified privilege available under Puerto Rico law. We, therefore, summarily affirm the judgment below, for substantially the reasons articulated in the district court's rescript. We add only that, in all events, we are hard-pressed to see how the communication in question canplausibly be classified as libelous. 2 We need go no further. The judgment of the district court is Affirmed. See 1st Cir. Loc. R. 27.1. Affirmed. See 1st Cir. Loc. R. 27.1. ________ ___ 3